UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANTONIO ARAIZA,

    *Plaintiff*,

v.                                          Case No. 5:24-CV-00119-JKP

ACED 4REN GROUP, RAYMUNDO
NAVA AGUILAR,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Antonio Araiza's ("Araiza") Motion for Summary Judgment of Affirmative Defenses, (*ECF No. 26*). Defendants Aced 4Ren Group, doing business as Aced Transport ("Aced 4Ren"), and Raymundo Nava Aguilar ("Aguilar") filed a Response, (*ECF No. 27*), to which Araiza filed a Reply, (*ECF No. 30*). Upon consideration, the Court concludes Araiza's Motion for Summary Judgment of Affirmative Defenses, (*ECF No. 26*), shall be denied.

### BACKGROUND

This case arises out of a tractor-trailer crash. *See, generally, ECF No. 17*. Per Araiza's Complaint, on January 31, 2023, Aguilar operated a tractor-trailer in the scope of his employment with Aced 4Ren. *Id. at 2–4*. Aguilar suddenly and without warning failed to control his speed and the tractor-trailer crashed into Araiza's vehicle. *Id. at 2–4*.

Araiza now moves for summary judgment on four of Defendants' asserted "affirmative defenses." The defenses consist of the following: (1) sudden emergency; (2) unavoidable accident; (3) act of God; and (4) contributory negligence. *ECF No. 26*.

**LEGAL STANDARD**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(a). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, then the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, 5:16-CV-00394, 2017 WL 782932 at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

**ANALYSIS**

Araiza now moves for summary judgment on four of Defendants' asserted "affirmative defenses." The defenses consist of the following: (1) sudden emergency; (2) unavoidable accident; (3) act of God; and (4) contributory negligence. *ECF No. 26*. Some of Defendants' asserted "affirmative defenses" are inferential rebuttal defenses under Texas law.

As explained by a sister district court in the Western District of Texas:

> An inferential rebuttal defense operates to rebut an essential element of the plaintiff's case by proof of other facts. In contrast, an affirmative defense enables a defendant to avoid liability even if the plaintiff successfully proves all the elements of a cause of action." *Kingsaire, Inc. v. Melendez*, 477 S.W.3d 309, 320 (Tex. 2015) (Guzman, J. concurring) (internal quotations and citations omitted). It appears that the burden of persuasion regarding inferential rebuttal defenses can shift from the defendant to the plaintiff at trial. *See* David F. Johnson, *Can A Party File a No-Evidence Motion for Summary Judgment Based Upon an Inferential Rebuttal Defense?*, 53 Baylor L. Rev. 763, 774–75 (2001). However, "[a]s the party relying on an inferential rebuttal defense, [the defendant] [bears] the burden to produce sufficient evidence establishing the defense as a matter of law." *Villanova v. Fed. Deposit Ins. Corp.*, 511 S.W.3d 88, 99 (Tex. App.—El Paso 2014, no pet.). For purposes of summary judgment under the Federal Rules of Civil Procedure, the Court concludes [] Defendants bear the burden to produce evidence to support their inferential rebuttal defenses.

*Ruelas v. W. Truck and Trailer Maint. Inc.*, No. 4:18-CV-00002, 2019 WL 4060889, at *2 (W.D. Tex. June 6, 2019) (Counts, J.). Thus, if Araiza can demonstrate the absence of a genuine issue of material fact as to the inferential rebuttal defenses, the summary judgment burden shifts to Defendants to point to specific evidence in the record that demonstrates there is an issue for trial. *See id*. If Araiza can demonstrate Defendants "failed to make a sufficient showing on an essential element" of the inferential rebuttal defenses, and this demonstration is not refuted by Defendants, Araiza is entitled to summary judgment on that defense. *Id.; see Celotex Corp.*, 477 U.S. at 323 ("The moving party is 'entitled to a judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").

4

I. **Sudden Emergency, Unavoidable Accident, and Act of God**

   A. **Sudden Emergency**

An emergency or sudden emergency is an occurrence caused by something other than the defendant's negligence that arises suddenly. *Ruelas*, 2019 WL 4060889, at *5 (citing *Dillard v. Texas Elec. Co-op.*, 157 S.W.3d 429, 432 (Tex. 2005)). Texas cases have identified four elements of the emergency defense:

> (1) the condition must have arisen *suddenly*; (2) it must have arisen *unexpectedly*; (3) it must not have been proximately caused by the negligent act or omission of the person whose conduct is being inquired about; and (4) the conduct which would constitute negligence under ordinary circumstances must have occurred *after* the emergency arose without giving the person time to deliberate.

*Id.* (citing *Mid-Tex Dev. Co. v. McJunkin*, 369 S.W.2d 788, 792 (Tex. Civ. App.—Dallas 1963, no writ) (emphasis in original)).

Araiza argues he is entitled to summary judgment on Defendants' sudden emergency defense because (1) "Aguilar was driving too fast for roadway conditions;" and (2) police officers issued him a citation. *ECF No. 26 at 4*.

In Response, Defendants counter "there is evidence that the icy pavement conditions on the highways caused [] Aguilar to lose control over his tractor-trailer and slide into [Araiza]." *ECF No. 27 at 5*. Defendants point to the Texas Peace Officer's Crash Report indicating "at the time of the occurrence, the weather conditions were cloudy, and the pavement was 'icy,' which caused [] Aguilar to 'slide on the ice-covered roadway.'" *Id.*

The Court finds the evidence Defendants point to indicates there is at least a dispute of material fact that precludes the Court from granting summary judgment. While it may be true Aguilar's negligence caused the accident, that is an issue for the jury to decide. Araiza's assertion, that Aguilar was negligent because he was driving too fast and police officers issued him

citation, is not sufficient for Araiza to carry his initial summary judgment burden on this defense. Consequently, summary judgment is inappropriate on the sudden emergency defense.

Accordingly, Araiza's Motion for Summary Judgment is denied in this regard.

### B.   Unavoidable Accident and Act of God

"Unavoidable accident is present when an event occurs which was not proximately caused by the negligence of any party to the event." *Ruelas*, 2019 WL 4060889, at *5 (citing *Yarborough v. Berner*, 467 S.W.2d 188, 190–191 (Tex. 1971)). The Texas Supreme Court has noted that jury instructions on unavoidable accident are "ordinarily given in cases involving environmental conditions such as fog, snow, sleet, wet or slick pavement, or obstruction of view" and if "there is no evidence that the accident was caused by some such peculiar circumstance, submission of the instruction[s] is generally improper." *Id*. (citing *Hill v. Winn Dixie Tex., Inc.*, 849 S.W.2d 802, 803 (Tex. 1992)).

"An occurrence is caused by an act of God if it is caused directly and exclusively by the violence of nature, without human intervention or cause, and could not have been prevented with reasonable foresight or care." *McClure v. Greater San Antonio Transportation Co.*, No. 5:08-CV-00112, 2008 WL 11334957, AT *10 n.119 (W.D. Tex. Oct. 30, 2008), *R. & R. adopted*, No. 5:08-CV-00112, 2009 WL 10670105 (W.D. Tex. Mar. 24, 2009) (internal citations omitted). The event "need only be so unusual that it could not have been reasonably expected or provided against." *Id*.

Araiza argues, largely by way of conclusory statements, he is entitled to summary judgment on Defendants' unavoidable accident and act of God defenses. *See ECF No. 26 at 3–4*. Regarding the unavoidable accident defense, Araiza states "[b]ecause Defendants cannot establish that the crash was caused by some condition other than the negligence of the Defendants, [this]

defense cannot stand." *Id. at 4*. As to the act of God defense, Araiza states "Defendants' negligence was the cause of the collision and this defense is not supported by the evidence." *Id. at 4*.

In Response, Defendants counter "there is no evidence [] Defendants nor any human being created the icy portion of the highway that [] Aguilar drove over while he was attempting to slow down his tractor-trailer immediately prior to the subject collision." *ECF No. 27 at 7*. Defendants point to contemporaneous new articles from the time of the collision detailing weather conditions, the Texas Peace Officer's Crash Report, and Aguilar's deposition testimony in support. *Id*.

The Court finds the evidence Defendants point to indicates there is at least a dispute of material fact that precludes the Court from granting summary judgment.

Accordingly, Araiza's Motion for Summary Judgment is also denied in this regard.

## II. Contributory Negligence

Contributory negligence "allows a negligent defendant to defeat the plaintiff's recovery either partially or completely, depending on the percentage of the plaintiff's responsibility." *Gallo v. Union P. R.R. Co.*, 372 F. Supp. 3d 470, 478 (W.D. Tex. 2019) (citing *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 156 (Tex. 2015)). Although technically not an affirmative defense, contributory negligence is a defensive issue on which defendants bear the burden of proof. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 210 (Tex. 2015); *e.g.*, *Ruelas*, 2019 WL 4060889, at *3. "As a general rule summary judgment is not appropriate for cases involving contributory negligence." *Id.* (citing *Moeller v. Fort Worth Capital Corp.*, 610 S.W.2d 857, 862 (Tex. App.—Fort Worth, 1980, writ ref'd n.r.e.)); *see also Morales v. Craig,* No. 03-99-00553-CV, 2001 WL 617187, at *5 (Tex. App.—Austin June 7, 2001, no pet.) ("Because the elements of negligence

and proximate cause are inherently factual, they are not ordinarily disposed of by summary judgment.").

Araiza argues he is entitled to summary judgment on this defense because (1) based on his own deposition testimony he concludes he was not negligent; (2) police officers determined Aguilar caused the collision and issued him a citation; and (3) Aguilar testified in his deposition testimony there was nothing Araiza could have done to avoid the collision. *ECF No. 26 at 4–5*.

In Response, Defendants counter there are material fact questions as to the positioning of Araiza's vehicle at the time of the collision. *ECF No. 27 at 7–8*. Defendants point to Araiza's deposition testimony where he states Aguilar hit Araiza's vehicle from behind and the Field Diagram from the Texas Peace Officer's Crash Report indicating two points of impact. *Compare id. at 24–25 and id. at 47*.

The Court finds the evidence Defendants point to indicates there is at least a dispute of material fact that precludes the Court from granting summary judgment.

Accordingly, Araiza's Motion for Summary Judgment is also denied in this regard.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Araiza's Motion for Summary Judgment of Affirmative Defenses, (*ECF No. 26*).

It is so ORDERED.
SIGNED this 3rd day of October, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

8